IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

WILLIE JAMES ROBERTSON,

               Petitioner

VS.

WILLIAM TERRY, WARDEN,

               Respondent

**NO. 3:07-CV-43 (CDL)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent WILLIAM TERRY's **MOTION TO DISMISS** petitioner WILLIE JAMES ROBERTSON'S petition for habeas corpus relief. Tab #6. The respondent's motion avers that the petitioner has failed to exhaust his state remedies, as required by 28 U.S.C. §2254(b) and (c) and ***Rose v. Lundy***, 455 U.S. 509 (1982), and that the petition is untimely filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 as codified at 28 U.S.C. §2244(d). Petitioner Robertson has responded to Terry's motion. Tab #8.

## FACTS

The petitioner concedes that the timeline of the petitioner's postconviction filings in the state courts provided in the respondent's brief is accurate. That timeline shows that the petitioner was convicted on August 18, 1998 of four counts of Aggravated Assault and Possession of a Firearm by a Convicted Felon, and that his convictions were affirmed on direct appeal on August 23, 2000. The petitioner then filed a state habeas petition on December 27, 2001, which was denied on August 10, 2004, with reconsideration thereafter being denied. He then filed a motion to vacate a void and illegal sentence on September 19, 2006. That motion was denied on September 20, 2006, and his appeals were not successful, ending on January 22, 2007.

Petitioner Robertson also filed a second state habeas corpus action on November 27, 2006, which was denied as successive on May 2, 2007. On May 9, 2007, he filed an application for certificate of probable cause to appeal this denial of state habeas corpus relief; this application is still pending. The instant *federal* petition was filed on April 27, 2007.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —*

>   *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

>   *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

>   *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

>   *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

The petitioner's convictions became final after the expiration of the ninety day period in which the petitioner could have filed an application for certiorari with the United States Supreme Court after the Georgia Supreme Court did not grant his certiorari application. The Georgia Supreme Court denied certiorari on March 2, 2001, thereby making his convictions final on June 1, 2001. He filed his *first* state habeas petition on December 27, 2001, and the limitations period was tolled until this petition was denied on August 10, 2004. However, petitioner Robertson did not file another state action ( motion to vacate) until September 19, 2006, **more than two years later**, well after the period permitted by the AEDPA for filing a federal petition, and that time was not tolled for §2244 purposes. In other words, petitioner's time for filing a *federal* petition had expired even before he filed his September 19, 2006 motion.

Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS the instant petition be **GRANTED** and that this petition be **DISMISSED** *with prejudice* as UNTIMELY FILED.[1] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 8th day of FEBRUARY, 2007.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE

---

[1] Because of this recommendation to grant the petition on timeliness grounds, the court need not entertain the respondent's contention that the petitioner also failed to exhaust his state remedies.